Jane C. Gordon (ISB #9243)
**PARKE GORDON LLC**
1150 W. State Street, Ste 300
Boise, ID 83702
Telephone: (208) 322-7274
Facsimile: (866) 472-0506

**Attorney for Plaintiff**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| YVONNE WORAS,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES, DOE EMPLOYEES I-X,<br><br>    Defendants. | Case No. 15-178<br><br>**COMPLAINT** |

Plaintiff, by and through her undersigned counsel of record, hereby alleges and complains as follows:

1.   Plaintiff, Yvonne Woras (hereinafter "Plaintiff"), is a resident of Idaho.

2.   Defendant United States (hereinafter "US"), at all relevant times operated, managed, or maintained, or had a duty to own, operate, manage, or maintain, both individually and by and/or through its agents, servants, and/or employees, a post office in McCall, Idaho.

COMPLAINT - 1

3. Defendant Doe Employees (hereinafter "Employees") are individuals currently unknown who are employed by the United States Post Office.

4. This Court has jurisdiction over the claims and parties to this action by virtue of 28 USC § 1346.

5. The amount in controversy in this cause of action is TWO HUNDRED THOUSAND DOLLARS ($200,000.00) which is sufficient for this Coourt to exercise jurisdiction.

6. Venue is proper by virtue of 28 USC § 1402(b).

7. Plaintiff presented an administrative tort claim to the appropriate government agency for adjudication prior to filing this action.

## GENERAL ALLEGATIONS

8. Defendant owned, operated, managed, or maintained, or had a duty to own, operate, manage, or maintain, both individually and by and/or through its agents, servants, and/or employees, a certain premise located at 495 Deinhard Lane, McCall, Idaho.

9. On January 17, 2011, the accumulated ice created a dangerous condition that Defendants knew should have known about.

10. The accumulated ice was in the middle of the walkway to the front door of Defendants' building, causing Plaintiff to slip, fall, and sustain injuries.

11. Plaintiff was injured when she slipped and fell on the ice on the property

leased by Defendant.

12. At the aforementioned time and place, Plaintiff was lawfully on said premises.

13. The property owned and/or leased by Defendants is open to the public.

14. At the aforementioned time and place, Defendant, individually or by and through its agents, servants, or employees, maintained the aforementioned premises including the parking lots, sidewalks, entrance, and exits to said premises in such a manner where the areas became and/or caused a slip hazard when they accumulated ice.

## **NEGLIGENCE**

15. Plaintiff realleges and incorporates Paragraphs 1 through 14 above as though fully set forth herein.

16. Defendants owed a duty to Plaintiff to:

   a. warn her of the dangerous conditions caused by the ice;

   b. maintain their property in a manner safe for public use;

   c. inspect their property for dangerous conditions; and

   d. repair, replace, fix, or otherwise remedy the dangerous condition on their property.

17. Defendants breached their duties they owed to Plaintiff by:

   a. failing to warn her of the dangerous condition caused by the ice;

   b. failing to maintain their property in a manner safe for public use;

COMPLAINT - 3

      c. failing to inspect their property for dangerous conditions; and

      d. failing to repair, replace, fix, or otherwise remedy the dangerous condition on Defendants' property.

18. Defendants' breach of duties directly and proximately caused Plaintiff to slip and fall, sustaining significant bodily injuries.

19. Defendants' negligence directly and proximately caused Plaintiff to suffer special and general damages, which include, but are not limited to:

      a. out-of-pocket expenses, loss of earnings;

      b. medical expenses;

      c. loss of employment;

      d. loss of business or employment opportunities;

      e. cost of obtaining substitute domestic services;

      f. pain, suffering, inconvenience, mental anguish, disability or disfigurement, emotional distress, and loss of enjoyment of life.

20. Plaintiff is entitled to interest on the amount incurred on special damages pursuant to the applicable statutes of the State of Idaho.

21. Defendant US is also vicariously liable for the acts and conduct of their agents under the doctrine of respondeat superior.

WHEREFORE, Plaintiff prays judgment against the Defendants as follows:

1. For general and special damages in an amount of TWO HUNDRED

THOUSAND DOLLARS ($200,000.00).

2.    For such other and further relief as the Court deems just and proper.

DATED this 27th day of May 2015.

        PARKE GORDON, LLC

        _____
        Jane C. Gordon, of the Firm
        Attorney for Plaintiff

COMPLAINT - 5